OPINION AND JUDGMENT ENTRY
Pursuant to 6th Dist.Loc. App.R. 12(C), we sua sponte place this case on the accelerated docket. This is an appeal brought by the state of Ohio("appellant") from a November 23, 1998 judgment of the Williams County Court of Common Pleas in which the court granted a motion to suppress filed by appellee, Indalecio Morales. The facts in this case are reflected in a transcript from a hearing on a motion to suppress filed by appellee, and are as follows:
On May 13, 1998, a state trooper was sitting inside his cruiser parked at a crossover on the Ohio turnpike. He saw appellee drive past. Appellee was driving a pickup truck about one car length behind a semi truck. The trooper pulled his cruiser out onto the turnpike and followed behind appellee's pickup truck for about a mile before stopping appellee for failing to keep enough space between moving vehicles.
The trooper admitted on cross-examination that the semi truck and appellee's pickup truck were in the right lane, and the left lane was clear of traffic. The sun was shining, traffic flow was very light and appellee was driving sixty miles an hour, which was within the posted speed limit. The turnpike has no traffic control devices (i.e. stop signs, traffic lights, yield signs) and is free of crossroads. In addition, the turnpike is fenced off to prevent vehicular, pedestrian, or animal traffic from coming onto the roadway.
The trooper admitted the statute has no specific distance requirements to be kept between two vehicles; the standard is the distance that would be kept between vehicles by a reasonable prudent person. He testified that in his opinion, a vehicle traveling sixty miles per hour should have six car lengths between itself and the vehicle just ahead.
He said that while he was following appellee for a mile, he never saw the vehicles ahead slow down and he never saw appellee's brake lights activated. He said he stayed fifteen to twenty car lengths behind appellee's pickup truck. He admitted that when he was that far back from appellee's truck, it would be difficult for him to see the actual distance between appellee's pickup truck and the semi truck just ahead, and that it could have increased from the time he started following appellee until the time he made the stop.
After he stopped appellee, he asked appellee to return with him to his cruiser while he ran a check on appellee's driver's license. He called two other state troopers to the scene before he began the license check. One trooper brought a dog trained to sniff for drugs. The other trooper was called because he speaks fluent Spanish, and appellee is Hispanic.
The trained dog was walked around appellee's pickup truck. The dog alerted by scratching at the back of the pickup truck. The troopers then did a search of the pickup and found marijuana. Appellee was placed under arrest.
After hearing all of the above testimony, the trial court took the motion to suppress under consideration. On November 23, 1998, the trial court filed a judgment entry that reads:
 "The Court finding the testimony to be not credible on the issue of the traffic violation alleged to be the reason for the stop, grants defendant's motion.
 "The matter is set for pretrial conference on Tuesday, December 15, 1998, at 2:00 p.m."
Appellant then filed its notice of appeal, certifying that the ruling on the motion to suppress had rendered its case against appellee so weak that any reasonable probability of effective prosecution has been destroyed.
Appellant has presented three assignments of error for consideration that are:
"ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH OHIO CRIMINAL RULE 12(E) IN GRANTING THE DEFENDANTS' MOTION TO SUPPRESS AS IT FAILED TO STATE THE REQUIRED FINDINGS OF FACT IN IT'S JUDGMENT ENTRY.
"ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN FINDING THE TESTIMONY TO BE NOT CREDIBLE ON THE ISSUE OF THE TRAFFIC VIOLATION AS THIS FINDING IS ARBITRARY AND UNSUPPORTED BY ANY COMPETENT OR CREDIBLE EVIDENCE.
"ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS AS THE RECORD CLEARLY REVEALS THAT SUFFICIENT ARTICULABLE FACTS EXISTED TO JUSTIFY THE INITIAL STOP OF THE DEFENDANT'S VEHICLE."
This court recently considered a case with strikingly similar facts inState v. Broderick (Aug. 6, 1999), Williams App. Nos. WM-98-025 and WM-98-027, unreported. The reasoning announced in that case is equally applicable in this case, and on the authority of State v. Broderick,id., we find the three assignments of error in this case not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ James R. Sherck, J. JUDGE
 _______________________________ Mark Pietrykowski, J. JUDGE
CONCUR.